## Case No. 8,343.

### LIGHTNER v. BOSTON & A. R. CO.

[1 Lowell, 338.] [1]

Circuit Court, D. Massachusetts. June, 1869.

PATENT—INFRINGEMENT.

The Boston and Worcester Railroad Company was consolidated with the Western Railroad Corporation under authority of an act of the legislature of Massachusetts, which vested in the new corporation called the "Boston and Albany Railroad Company," all the powers, rights, franchises, &c., of the old corporations. *Held*, the new corporation might lawfully use a pat-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

ented axle box which both the old corporations had been licensed to use.

[Cited in Montross v. Mabie. 30 Fed. 236; Lane &' Bodley Co. v. Locke, 150 U. S. 193. 14 Sup. Ct. 79.]

By an agreed statement of facts it appeared that the plaintiff [John W. Lightner] was the patentee of a certain improvement in axle boxes for railway cars, and that his letters-patent [No. 5,935, originally granted Nov. 21, 1848] were extended for seven years from November 19, 1862; that he afterwards granted licenses to the Boston and Worcester and Western Railroad Corporations, respectively, to use his improvement on all cars belonging or which might thereafter belong to said corporations. The defendant corporation (The Boston & Albany R. Co.] was formed by the consolidation of those two companies under the provisions of an act of the legislature of Massachusetts passed in 1867 (chapter 270), since said licenses were granted. The questions presented were whether these licenses authorized the defendants to use the invention on cars formerly belonging to the old companies and on those made by the defendants since the union, or either of them. The legislature of Massachusetts, by the act already referred to, granted to the Western Railroad Corporation, whose road then extended only to Worcester on the east, the right to buy the road property and franchise of any other railroad ending in Boston, or to unite and consolidate its stock with any other such company, and especially with the Worcester Railroad Company, or to make a new and independent line of railroad from Worcester to Boston. And it declared that if a consolidation should be made, the new corporation should have, hold, and enjoy all the powers, rights, privileges, franchises, property, claims, demands, and estates which at the time of such union were held and enjoyed by either of the then existing corporations.

J. E. Maynadier, for plaintiff. It is not disputed that upon the union being made there vested in the new corporation, by virtue of this act, all the property, &c., which was in its nature capable of assignment, as, for instance, the cars themselves to which these axles were attached; but the right to use the improvement could not pass by any grant legislative or other, because that right existed only in each licensee as a distinct legal entity, and was not capable of transmission.

G. S. Hale, for defendants.

LOWELL, District Judge. A mere authority to use a patented invention will not always and perhaps not usually be transferable. Whether it is so or not will depend in each case on the terms or nature of the contract. The authority given by the licenses produced in evidence extends to all cars which either of the companies might find it

necessary or convenient to own, wherever they might use them, and to the use even of the unlicensed cars of others, so far as any demand against these companies is concerned, upon the licensed roads respectively; reserving a right to sue unlicensed owners of cars, but not to enjoin their use upon the licensed roads.

The gist of this contract clearly is an unlimited use on the roads from Boston to Albany without interruption, and the use of an unlimited number of cars bonâ fide owned by the companies. There is nothing personal in all this, not even a reliance on the personal credit of the licensees, for the consideration was money paid down. I cannot see that the union of the two lines under one management can affect the plaintiff unfavorably. Indeed it was admitted at the argument that the use was not changed. The nearest analogy that I can think of is that of two persons, each authorized to use the invention, becoming partners and using it jointly in precisely the same business as before. Can it be contended that such a use would be unlawful, and that the two could be enjoined from doing what either alone might do? It is true that the defendant corporation is distinct from either of its component corporations, but that is a mere matter of detail and convenience. The old corporations have never been dissolved, and might well enough be held to exist for all purposes for which their continuance is necessary, as indeed the statute says they shall continue for certain purposes.

The license to the Western Railroad Corporation appears to contemplate a state of things analogous to what now exists; for it stipulates that the licensee may use the invention on all roads, "that may be operated by said company, or may hereafter be constructed, owned, used, or leased by said company."

Upon consideration of these contracts, I hold that they are transmissible by succession to a corporation formed of a union of the two licensees, and succeeding to the rights, duties, and obligations of both. Judgment for the defendants.